IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT - DETROIT

MICHAEL Q. SMITH,          )
                           )    CASE NO.: 2:19-cv-11443
       Plaintiff,       )
                           )
    v.                   )    **TRIAL BY JURY DEMANDED**
                           )
GRAND TRUNK WESTERN RAILROAD   )
COMPANY, a corporation,     )
                           )
       Defendant.     )

## COMPLAINT AND JURY DEMAND

The Plaintiff, MICHAEL Q. SMITH, by his attorneys Robert B. Thompson and Laurence C. Acker of Harrington, Thompson, Acker & Harrington, Ltd. complaining of the Defendant, GRAND TRUNK WESTERN RAILROAD COMPANY (hereinafter "GTW"), states:

### Count I
### (Federal Employers' Liability Act - Code of Federal Regulations)

1.    Subject matter jurisdiction for Plaintiff's cause of action against GTW exists under the Federal Employers' Liability Act ("FELA") pursuant to 45 U.S.C. §51, 45 U.S.C. §56 and 28 U.S.C. §1331.

2.    Venue for this cause of action exists in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. §1391(b).

3.    The Defendant, GTW, is a corporation doing business as a common carrier for hire, engaged in interstate commerce by rail in various states of the United States, including the State of Michigan.

4.    At all times alleged herein, the Plaintiff, MICHAEL Q. SMITH, was employed

by the Defendant, GTW, as a conductor and his duties were in furtherance of interstate commerce.

5.    The Plaintiff, MICHAEL Q. SMITH, and the Defendant, GTW, are subject to the Act of Congress, commonly known as the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §51 et seq. with regard to all claims for personal injuries and other pecuniary damages.

6.    On or about December 9, 2017 at approximately 1:15 a.m., Plaintiff was injured while working for Defendant ,GTW, as a conductor at or near Pontiac, Michigan.

7.    At the time and place aforesaid, Plaintiff was performing his duties as a conductor in Defendant's Pontiac Yard and pursuant to his duties, Plaintiff was required to board locomotive 4904,which was positioned on Track 22.

8.    At the time and place aforesaid, as Plaintiff boarded said locomotive in the usual and proper manner, the step of the locomotive broke causing Plaintiff to lose his balance and sustain injury.

9.    At the time and place aforesaid, Plaintiff was caused to be injured as a result, in whole or in part, of the aforesaid occurrence.

10.    At the time and place aforesaid, Plaintiff was acting within the course and scope of his employment with Defendant, GTW, and his duties were in furtherance of interstate commerce.

11.    At the time and place aforesaid, Defendant, GTW, had a duty under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §51 et seq. to provide MICHAEL Q. SMITH with a reasonably safe place to work.

12.    At the time and place aforesaid, Defendant, GTW, had an absolute duty

2

under the FELA to comply with the safety regulations in the Code of Federal Regulations at 49 C.F.R. Part 229 - Railroad Locomotive Safety Standards.

13.     At the time and place aforesaid, Defendant, GTW, had an absolute duty under the FELA to comply with the safety regulations in the Code of Federal Regulations at 49 C.F.R. Part 231 - Railroad Safety Appliance Standards.

14.     At the time and place aforesaid Defendant, GTW, violated the FELA by failing to comply with the safety regulations contained in the Code of Federal Regulations in one or more of the following respects:

a.     In using on its line a locomotive that failed to comply with 49 C.F.R. Part 229, Locomotive Safety Standards;

b.     In using on its line a locomotive that was not in proper condition and was not safe to operate without unnecessary peril to life or limb in violation of 49 C.F.R. §229.7;

c.     In using on its line a locomotive that had not been properly inspected in violation of 49 C.F.R. §229.9;

d.     In using on its line a locomotive that was not free of conditions that endangered the safety of the crew in violation of the crew in violation of 49 C.F.R. §229.45;

e.     In using on its line a locomotive that was not in compliance with 49 C.F.R, §229.119, Cabs, Floors and Passageways;

f.     In using on its line a locomotive that failed to comply with 49 C.F.R. Part 231, Railroad Safety Appliance Standards;

g.     In using on its line a locomotive that failed to comply with 49 C.F.R. §231.30;

h.     In using on it line a locomotive that failed to comply with 49 C.F.R. §229.23.

15.     At the time and place aforesaid, Plaintiff sustained injuries of a personal and pecuniary nature and sustained other recoverable damages supported by the evidence and permitted by law, all resulting in whole or in part, from one or more of Defendant's

violations of the Code of Federal Regulations, as alleged herein.

16.     One or more of Defendant's violations of the Code of Federal Regulations, as alleged herein, contributed, in whole or in part, to the injuries and other damages sustained by Plaintiff.

17.     The regulations set forth in 49 C.F.R. Part 229 and 49 C.F.R. Part 231 are safety regulations within the meaning of 45 U.S.C. §53 and 45 U.S.C. §54.

18.     The violation of a safety regulation in the Code of Federal Regulations by a railroad employer engaged in interstate commerce is negligence per se under the FELA.

WHEREFORE, Plaintiff, MICHAEL Q. SMITH, prays judgment against Defendant, GTW, in a dollar amount sufficient to satisfy the jurisdictional limitations of this Court, plus whatever additional amount the Court and Jury shall deem proper as compensatory damages under the FELA, plus the costs of this lawsuit and other recoverable damages permitted by law.

### Count II
### (Federal Employers' Liability Act - Federal Locomotive Inspection Act)

1-13.   The Plaintiff, MICHAEL Q. SMITH, adopts and re-alleges paragraphs one (1) through thirteen (13) of Count I as though fully set forth herein.

14.     At the time and place aforesaid, the Defendant had a non-delegable duty under the FELA to provide Plaintiff with a reasonably safe place to work, including a duty to comply with the Locomotive Inspection Act, 49 U.S.C. §20701, *et seq*., which provides, in pertinent part:

> A railroad carrier may use or allow to be used a locomotive or tender on its railroad line only when the entire locomotive or tender and its parts and appurtenances --

4

    (1)    are in proper condition and safe to operate without unnecessary danger of personal injury;

    (2)    have been inspected as required under this chapter [49 U.S.C. §§ 20701 *et seq*.] and regulations prescribed by the Secretary of Transportation under this chapter [49 U.S.C. §§ 20701 *et seq*.]; and

    (3)    can withstand every test prescribed by the Secretary under this chapter [49 U.S.C. §§ 20701 *et seq*.]

15.    At the time and place aforesaid, the Defendant violated the Federal Locomotive Inspection Act in one or more of the following respects:

a.    In using or allowing to be used a locomotive on its railroad line that failed to comply with 49 U.S.C. §20701;

b.    In using or allowing to be used a locomotive on its railroad line that was not in proper condition and that was not safe to operate, as required by 49 U.S.C. §20701;

c.    In using or allowing to be used a locomotive on its railroad line that had not been properly inspected, as required by 49 U.S.C. §20701;

d.    In using or allowing to be used a locomotive on its railroad line that was unable to withstand every test prescribed under 49 U.S.C. §20701 *et seq.*

16.    At the time and place aforesaid, Plaintiff, MICHAEL Q. SMITH, sustained injuries of a personal and pecuniary nature, and sustained other recoverable damages supported by the evidence and permitted by law, all resulting, in whole or in part, from one or more of the violations of the Locomotive Inspection Act by Defendant, GTW, as alleged herein.

17.    The Locomotive Inspection Act, at 49 U.S.C. §20701, *et seq*., is a federal safety statute within the meaning of 45 U.S.C. §53 and 45 U.S.C. §54.

18.    A violation of the Locomotive Inspection Act by a railroad employer engaged

in interstate commerce is *negligence per se* under the FELA.

19.    One or more violations of the Locomotive Inspection Act, by Defendant, GTW, as alleged herein, contributed, in whole or in part, to the injuries and other damages sustained by Plaintiff.

WHEREFORE, the Plaintiff, MICHAEL Q. SMITH, prays for judgment against the Defendant, GTW, in a dollar amount sufficient to satisfy the jurisdictional limitations of this Court, plus whatever additional amount the Court and the Jury shall deem proper as compensatory damages under the FELA, plus the costs of this lawsuit and other recoverable damages permitted by law.

### Count III
### (Federal Employers' Liability Act - Federal Safety Appliance Act)

1-13.    The Plaintiff, MICHAEL Q. SMITH, adopts and re-alleges paragraphs one (1) through thirteen (13) of Counts I as though fully set forth herein.

14.    At the time and place aforesaid, Defendant, GTW, had a non-delegable duty under the FELA to provide Plaintiff with a reasonably safe place to work, including a duty to comply with the Federal Safety Appliance Act, 49 U.S.C. §20301 et seq. which provides in pertinent part:

(A) General. Except as provided in subsection (c) of this section and 20303 of this title [49 U.S.C. §20303], a railroad carrier may use or allow to be used in any of its railroad lines–

(1) a vehicle only if it is equipped with–

(b) secure sill steps and efficient hand brakes; and

(c) secure ladders and running boards when required by the Secretary of Transportation, and, if ladders are required, secure handhold or grab irons

6

on its roof at the tope of each ladder.

[49 U.S.C. §20302 (a)(1)]

15.     Pursuant to the Federal Safety Appliance Act, 49 U.S.C. §20301, a

locomotive is considered a "vehicle" and covered by the requirements of this statute.

16.     At the time and place aforesaid, the Defendant violated the Federal Safety

Appliance Act in one or more of the following respects:

a.     In using or allowing to be used a vehicle on its railroad line which failed to comply with 49 U.S.C. §20301 et seq.;

b.     In using or allowing to be used a vehicle on its railroad line that failed to comply with 49 U.S.C. §20302(a)(1) in not being equipped with secure sill steps;

c.     In using or allowing to be used a vehicle on its railroad line that failed to comply with 49 U.S.C. §20302(a)(1) in not being equipped with secure ladders;

d.     In using or allowing to be used a vehicle on its railroad line that failed to comply with 49 C.F.R. Part 231, Railroad Safety Appliance Standards;

e.     In using or allowing to be used a vehicle on its railroad line that failed to comply with 49 C.F.R. §231.30.

17.     At the time and place aforesaid, Plaintiff, MICHAEL Q. SMITH, sustained

injuries of a personal and pecuniary nature, and sustained other recoverable damages

supported by the evidence and permitted by law, all resulting, in whole or in part, from one

or more of the violations of the Federal Safety Appliance Act by Defendant, as alleged

herein.

18.     The Federal Safety Act, at 49 U.S.C. §20301, et seq. is a federal safety

statute within the meaning of 45 U.S.C. §53 and 45 U.S.C. §54.

19.     A violation of the Federal Safety Appliance Act by a railroad employer

engaged in interstate commerce is negligence per se under the FELA.

20.     One or more violations of the Federal Safety Appliance Act by Defendant, GTW, as alleged herein, contributed, in whole or in part, to the injuries and other damages sustained by Plaintiff.

WHEREFORE, Plaintiff, MICHAEL Q. SMITH, prays for judgment against Defendant, GTW, in a dollar amount sufficient to satisfy the jurisdictional limitations of this Court, plus whatever additional amount the Court and Jury shall deem proper as compensatory damages under the FELA, plus the costs of this lawsuit and other recoverable damages permitted by law.

**Count IV**
**(Federal Employers' Liability Act - Negligence)**

1-13.   The Plaintiff, MICHAEL Q. SMITH, adopts and re-alleges paragraphs one (1) through thirteen (13) of Count I as though fully set forth herein.

14.     At the time and place aforesaid, Defendant, by its duly authorized agents and employers, had a non-delegable duty under the FELA to provide MICHAEL Q. SMITH with a reasonably safe place to work.

15.     At the time and place aforesaid, the GTW was unlawful, negligent and violated the FELA in one or more of the following respects:

a.     In failing to provide a reasonably safe place to work;

b.     In failing to use reasonably safe methods in its locomotive maintenance operations;

c.     In providing a locomotive that had not been properly maintained;

d.     In providing a locomotive that had not been properly inspected;

e.     In allowing a locomotive to be used on its line that was not in proper

8

condition and that was not safe to operate without unnecessary danger of personal injury;

f.      In failing to warn that the locomotive had not been properly maintained and serviced;

g.      In failing to warn about the unsafe condition of said locomotive;

h.      In using on its line a locomotive that failed to comply with 49 C.F.R. Part 229 , Railroad Locomotive Safety Standards;

i.      In using on it line a locomotive that failed to comply with 49 C.F.R. §229.7;

j.      In using on its line a locomotive that failed to comply with 49 C.F.R. §229.45;

k.      In using on its line a locomotive that failed to comply with 49 C.F.R. §229.119;

l.      In using on its line a locomotive that failed to comply with 49 C.F.R. §229.9;

m.      In using on its line a locomotive that failed to comply with the Federal Locomotive Inspection Act, 49 U.S.C. §20701 et seq;

n.      In using on its line a locomotive that failed to comply with the 49 C.F.R. Part 231, Railroad Safety Appliance Standards;

o.      In using on it line a locomotive that failed to comply with 49 C.F.R. §231.30;

p.      In using on its line a locomotive that failed to comply with the Federal Safety Appliance and Equipment Act, 49 U.S.C. §20301 et seq.;

q.      In using on its line a locomotive that failed to comply with the Federal Safety Appliance and Equipment Act, 49 U.S.C. §20302(a)(1)(B);

r.      In using on its line a locomotive that failed to comply with 49 C.F.R. §229.23;

s.      In using on its line a locomotive that failed to comply with FRA Motive Power and Equipment Technical Bulletin 98-14;

t.      In allowing unsafe practices to become common practices;

9

16.     At the time and place aforesaid, MICHAEL Q. SMITH, sustained injuries of a personal and pecuniary nature, and sustained other recoverable damages supported by the evidence and permitted by law, all resulting, in whole or in part, from one or more violations of the FELA by Defendant, GTW, as alleged herein.

WHEREFORE, Plaintiff, MICHAEL Q. SMITH, prays for judgment against Defendant, GTW, in a dollar amount sufficient to satisfy the jurisdictional limitations of this Court, plus whatever additional amount the Court and Jury shall deem proper as compensatory damages under the FELA, plus the costs of this lawsuit and other recoverable damages permitted by law.

Respectfully submitted,

/s/Robert B. Thompson
Robert B. Thompson (P61144)
Laurence C. Acker (P61260)
Harrington, Thompson, Acker & Harrington, Ltd.
One N. LaSalle Street, Suite 3150
Chicago, IL 60602
(312) 332-8811
(312) 332-2027 (fax)
htah@harringtonlaw.com

*Attorneys for Plaintiff, Michael Q. Smith*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT - DETROIT

MICHAEL Q. SMITH,                          )
                                           )        CASE NO.: 2:19-cv-11443
            Plaintiff,                     )
                                           )
      v.                                   )        **TRIAL BY JURY DEMANDED**
                                           )
GRAND TRUNK WESTERN RAILROAD               )
COMPANY, a corporation,                    )
                                           )
            Defendant.                     )

## JURY DEMAND

The Plaintiff, MICHAEL Q. SMITH, by his attorneys Robert B. Thompson and

Harrington, Thompson, Acker & Harrington, Ltd., hereby demands trial by jury.

Respectfully submitted,


/s/Robert B. Thompson
Robert B. Thompson (P61144)
Laurence C. Acker (P61260)
Harrington, Thompson, Acker & Harrington, Ltd.
One N. LaSalle Street, Suite 3150
Chicago, IL 60602
(312) 332-8811
(312) 332-2027 (fax)
htah@harringtonlaw.com

*Attorneys for Plaintiff, Michael Q. Smith*

11